UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BERNARD PEW,

    Plaintiff,

v.                                    Case No: 6:21-cv-33-Orl-18DCI

THE CIRCUIT COURT OF
SEMINOLE COUNTY, et al.,

    Defendants.
_____/

## ORDER

This cause is before the Court on Plaintiff's Complaint (Doc. 1). Plaintiff is a pretrial detainee and is proceeding *pro se*.

### I.   ANALYSIS

Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain civil suits brought by prisoners to determine whether the suit should proceed:[1]

> (b)   Ground for Dismissal - On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -
>
> > (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2)   seeks monetary relief from a defendant who is immune from such relief.

---

[1] This review process was implemented in an effort to reduce meritless prisoner litigation. *Green v. Nottingham*, 90 F.3d 415, 417 (10th Cir. 1996); *see* H.R.Rep. No. 104-378, 104th Cong., 1st Sess. 166.

Thus, the Courts are obligated to screen prisoners' civil rights complaints as soon as practicable and to dismiss those actions which are frivolous or malicious or fail to state a claim for relief. 28 U.S.C. § 1915(e). A complaint is frivolous if it is without arguable merit either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Cofield v. Alabama Public Service Com'n*, 936 F.2d 512, 515 (11th Cir. 1991); *Prather v. Norman*, 901 F.2d 915 (11th Cir. 1990). Additionally, the Court must read a plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

## II.   ANALYSIS

Plaintiff brought this action against the Circuit Court of Seminole County, Judge Recksiedler, and Judge Chase. (Doc. 1 at 1). Plaintiff appears to argue that he was improperly barred from filing *pro se* documents in the state court. (*Id.* at 2).

Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless the acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (quotation omitted). This immunity applies "even when the judge's acts are in error, malicious, or were in excess of his or jurisdiction." *Id.* Furthermore, judicial immunity also extends to claims for injunctive and declaratory relief. *Id.* at 1242-43; *Simmons v. Edmondson*, 225 F. App'x 787, 788 (11th Cir. 2007). Additionally, judicial immunity extends not only to judges, but also to individuals who, like clerks of court, "are themselves integral parts of the judicial process." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994). "

Plaintiff fails to demonstrate that the Circuit Court for Seminole County and Judges Recksiedler and Chase acted in the clear absence of all jurisdiction. Therefore, the Defendants are immune from suit, and the instant case is subject to dismissal for failure to state a claim.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED** for failure to state a claim.

2. The Clerk of the Court is directed to enter Judgment and close this case.

**DONE** and **ORDERED** in Orlando, Florida on January 27, 2021.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Unrepresented Party
OrlP-3 1/26